[696 NYS2d 77]

In the Matter of MARK J. MORGENSTERN, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, October 4, 1999

68

## APPEARANCES OF COUNSEL

*Grace D. Moran,* Syosset (*Robert P. Guido* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a petition dated April 3, 1997, containing 18 charges of professional misconduct against him. After hearings conducted on May 7, June 4, July 1, August 21, and September 19, 1997, and February 27, March 20, July 14, and November 25, 1998, the Special Referee sustained all 18 charges. The Grievance Committee now moves to confirm the findings of the Special Referee and to impose such discipline as the Court deems just and proper. The respondent has neither cross-moved for any relief, nor submitted any papers in response to the motion.

The petition contains 18 charges, arising from seven separate complaints against the respondent, alleging that he: neglected his duties and obligations on behalf of various clients in violation of Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]); failed to act competently in his representation of a client in violation of Code of Professional Responsibility DR 6-101 (A) (1) (22 NYCRR 1200.30 [a] [1]); failed to cooperate with the Grievance Committee's investigation, in violation of Code of Professional Responsibility DR 1-102 (A) (5) and (7) (former [8]) (22 NYCRR 1200.3 [a] [5], [7]); entered into an impermissible nonrefundable fee agreement in violation of Code of Professional Responsibility DR 2-106 (C) (3) (22 NYCRR 1200.11 [c] [3]); made false statements to one client and in the course of representing another client, in violation of Code of Professional Responsibility DR 7-102 (A) (5) (22 NYCRR 1200.33 [a] [5]); failed to promptly refund a fee paid in advance which had not been earned, in violation of Code of Professional Responsibility DR 2-110 (A)

(3) (22 NYCRR 1200.15 [a] [3]); failed to file a retainer statement with the Office of Court Administration in violation of 22 NYCRR 691.20 (a); and engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]).

The testimony and exhibits produced by the petitioner amply support all of the allegations of misconduct. Accordingly, the motion to confirm the Special Referee's report sustaining all of the charges is granted.

Although the respondent has no prior disciplinary history, he has submitted no mitigating evidence with respect to the many charges of professional misconduct against him. He offered no witnesses, did not testify in his own defense, and failed to appear on several scheduled hearing dates. His conduct led to a motion by his counsel to withdraw. He did not submit a posthearing memorandum, and has not responded to the instant motion to confirm. In view of the utter disregard for the disciplinary process which the respondent has exhibited, he is disbarred.

MANGANO, P. J., BRACKEN, S. MILLER, O'BRIEN and RITTER, JJ., concur.

Ordered that the motion to confirm the Special Referee's report is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Mark J. Morgenstern, is disbarred, and his name is stricken from the roll of attorneys and counselors at law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see, 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Mark J. Morgenstern is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another in the State of New York, (2) appearing as an attorney or counselor at law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor at law.